UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HERNANDEZ,

       Plaintiff,

v.                                          CASE NO. 11-cv-10625
                                          HONORABLE LAWRENCE P. ZATKOFF

THE CITY OF DETROIT,
INVESTIGATOR BRADFORD,
and CATHERINE O'MEARA[1],

       Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

This matter is pending before the Court on plaintiff Christopher Hernandez' *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff is confined at the Wayne County Jail in Detroit, Michigan.  The defendants are the City of Detroit, Investigator Bradford who works for the City of Detroit, and attorney Catherine O'Meara.

The complaint makes the following allegations.  On or about July 9, Plaintiff was arrested and charged with four crimes.[2]  Investigator Bradford visited Plaintiff at the police precinct and informed Plaintiff that he would be charged with only felony firearm if he became an informant.  Bradford also approached Plaintiff's father and informed him that Plaintiff was being charged with

---

[1]  Plaintiff identified this defendant as "Cathrine O'Meara," but the Court believes the correct spelling of the defendant's first name is "Catherine."

[2]  Plaintiff has not alleged the year of his arrest.  The Court presumes that Plaintiff was arrested in July of 2010.

felony firearm. At Bradford's suggestion, Plaintiff's father hired attorney O'Meara and gave her at least $2,000. Despite being reassured that the only criminal charge against him was felony firearm, Plaintiff was charged with ten counts at his arraignment.

According to Plaintiff, Investigator Bradford encouraged attorney O'Meara to proposition Plaintiff by saying, "If you give me more money, the charges will be reduced." Plaintiff contends that defendants Bradford and O'Meara were a team and that their conduct amounted to extortion, that is, money for dropped charges. Plaintiff claims to have suffered mental anguish as a result of what the defendants did to him. He contends that Investigator Bradford should be dismissed from the police force and that attorney O'Meara should not be permitted to practice law. As for the City of Detroit, Plaintiff claims that the City is known for its corrupt officials and that Investigator Bradford is one of them. Plaintiff seeks over a million dollars in damages in addition to the money that his father paid to attorney O'Meara.

## II. Standard of Review

The Court has permitted Plaintiff to file his complaint without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United

States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Conclusory statements will not suffice, and only a complaint that states a plausible claim for relief will survive. *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1949-50 (2009) (citing *Twombly*, 550 U.S. at 555-56). "So, to survive scrutiny under §§ 1915A(b)(1) and1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d. 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

#### A. The Allegations Against Defendants O'Meara and Bradford

Although the Court is sympathetic to Plaintiff's plight, his allegations about attorney O'Meara are frivolous and fail to state a claim. The reason for this conclusion is that defense attorneys, whether retained or appointed by the court, do not act under color of law when performing the traditional functions of counsel to a defendant in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorneys appointed by the court); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (retained attorneys). Thus, Plaintiff has failed to allege a critical element of a §1983 claim, namely, that the defendant acted under color of state law.

To the extent that Plaintiff is alleging a civil conspiracy between defendants O'Meara and

Bradford, Plaintiff has failed to state a claim because he has not "submitted sufficient evidence of a conspiracy, outside of [his] own assertions." *Estate of Smithers ex rel. Norris v. Flint*, 602 F.3d 758, 765 (6th Cir. 2010). Section 1985(3) of Title 42, United States Code,

> prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws." 42 U.S.C. § 1985. To prevail on a § 1985(3) claim, one must prove " '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.' " *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828-29, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983)). Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

*Radvansky v. Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).

Plaintiff has produced no evidence demonstrating that the defendants' conduct was motivated by racial or some other class-based animus. Therefore, he has failed to allege facts sufficient to establish a civil conspiracy claim under 42 U.S.C. § 1985(3).

### B. The Allegations Against the City of Detroit

Although the City of Detroit may be sued under 42 U.S.C. § 1983, Plaintiff seeks to hold the City responsible for hiring and employing Investigator Bradford. Vicarious liability is not applicable to civil rights lawsuits under § 1983. *Iqbal*, 129 S. Ct. at 1948. Even if Investigator Bradford acted improperly in his handling of Plaintiff's case, the City is not

> liable for every misdeed of [its] employees and agents. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." [*Monell v.*

> *Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658, 694 (1978)]. [T]o satisfy the Monell requirements a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987) . . . .

*Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993).

Plaintiff has not identified a municipal policy, connected that policy to the City of Detroit, and shown that the alleged injury is a result of the City's execution of that policy. Thus, he has failed to state a claim against the City of Detroit.

### C. Mental Anguish; *Heck v. Humphrey*

Plaintiff wants to be compensated for the mental anguish he has suffered as a result of Bradford and O'Meara's conduct. He may not bring a federal civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). And to the extent that Plaintiff also is challenging the fact or duration of his confinement, he has no right to money damages because he has not shown that the order holding him in custody has been reversed, expunged, or invalidated by state officials or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

### IV. Conclusion

Given the facts as alleged and the relevant law, the Court cannot grant Plaintiff the requested relief. His allegations lack an arguable basis under law and fail to state a plausible claim for which relief may be granted. Consequently, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). If Plaintiff elects to appeal this decision, he may not proceed *in forma pauperis* on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  June 27, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 27, 2011.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290